**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 95-5612

JAMES M. RICHMAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-94-54)

Argued: March 5, 1997

Decided: May 7, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Deborah C. Wyatt, WYATT & CARTER, Charlottes-
ville, Virginia, for Appellant. Jean Barrett Hudson, Assistant United
States Attorney, Charlottesville, Virginia, for Appellee. **ON BRIEF:**
Robert P. Crouch, Jr., United States Attorney, Charlottesville, Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant James Michael Richman was convicted, pursuant to a plea agreement, of manufacturing marihuana and using or possessing a firearm in relation to a drug offense. Richman challenges his conviction on the grounds that he was convicted in violation of the Double Jeopardy Clause, that his plea was involuntary with respect to the firearm count, and that insufficient evidence supported the district court's drug quantity attributions. For the reasons that follow, we affirm.

I.

In 1994, unmanned surveillance cameras detected appellant Richman cultivating marihuana fields in George Washington National Forest. Richman was arrested and he led officers to fields in which 348 marihuana plants were growing. See J.A. at 42-44. During an ensuing search of Richman's residence, officers found a videotape made by Richman, in which he instructs others in marihuana growing techniques. On the videotape, Richman describes his techniques and business, points to various marihuana fields and says "this is about $70,000 worth, and this is about $80,000 worth." J.A. at 45-46. The video also shows a handgun located on a stump in the marihuana fields, which Richman removes during the course of the video. See id.

Richman was charged with one count of manufacturing marihuana and two counts of possessing a firearm in connection with a drug offense. Richman thereafter entered into a plea agreement pursuant to which he agreed to plead guilty to one count of manufacturing marihuana and one count of possession of a firearm, with the government agreeing to dismiss the second firearm count. Under the plea agreement, Richman stipulated to responsibility for a drug weight equivalent to at least 1000 plants, the exact number to be determined by the

2

probation officer in the presentence report. <u>See</u> J.A. at 10. The plea agreement stated that Richman understood, and that the government intended to recommend, that he receive a prison sentence of fifteen years (ten years as a mandatory minimum on the drug count for more than 1000 plants, and five years as a mandatory minimum on the firearm count, which, by statute, were to run consecutively). <u>See</u> J.A. at 10, 14. The agreement also required Richman to testify truthfully if called upon. <u>See</u> J.A. at 11. Last, although the parties agreed that Richman would be allowed to present mitigating evidence, Richman agreed not to argue for a sentence of less than fifteen years under any circumstances, and he waived his right to appeal any sentencing guideline issues. <u>See</u> J.A. at 13-14.

On March 17, 1995, the plea agreement was submitted to the district court and a Rule 11 hearing was held. In the course of reviewing the plea with Richman, the court explained that Richman was stipulating to 1000 plants, but that the number would be finally determined by the probation officer. The court further stated that the probation officer might determine in the PSR that Richman was responsible for fewer than 1000 plants, thus resulting in only a five year sentence on the manufacturing count, although Richman's plea agreement did not address this contingency. <u>See</u> J.A. at 38-39. Next, in a confusing exchange, the court purported to accept the plea agreement, but also stated that the court was retaining the power to reject the plea. Although the court stated that it found Richman guilty, the court did not enter a judgment of conviction.

Richman appeared before the court for sentencing on June 6, 1995. During the hearing, the government presented evidence to support the 1000-plant stipulation, including evidence of the 348 plants that Richman was found with, Richman's videotape (which was made in 1991), in which Richman stated that he had grown 250-300 plants each year in 1990 and 1991, and an officer's testimony that Richman had admitted to growing marihuana for profit every year since 1987. <u>See</u> J.A. at 41-50. The PSR concluded that Richman was responsible for at least 1000 plants, relying on the concrete evidence of 948 plants (in the years 1990, 1991, and 1994) and extrapolating at least 52 plants from the other years that Richman was known to be in business. <u>See</u> J.A. at 162.

Richman then took the stand and testified that he could not recall growing more than 850 plants. At the end of cross-examination, the court and Richman engaged in the following exchange in which the court refused to accept Richman's plea:

> COURT: . . . Will you accept responsibility for growing one thousand or more plants?

> RICHMAN: It's just hard for me to accept responsibility for something I can't remember I did.

> COURT: I'm going to reject the plea.

> RICHMAN: But I'll accept it.

> COURT: We'll go to trial on this one.

> RICHMAN: No, sir, I will accept it. I want to accept the plea bargain.

> COURT: We'll go to trial on this one. I'm sorry, Mr. Racey [defense counsel], but I cannot accept that plea.

> RACEY: I'm very sorry, too, your honor.

> COURT: <u>I cannot accept that plea, which is, in effect, a conditional plea</u>.

J.A. at 79-80 (emphasis added). The court thereafter directed the parties to proceed to trial.

A month and a half later, on July 25, 1995, Richman and the government returned to the district court with a second signed plea agreement which was identical to the first. A second guilty plea and sentencing hearing was held, and the evidence presented at that hearing was virtually identical to that presented at the first hearing. This time, Richman did not contest the drug amount, and the court sentenced Richman to ten years on the manufacturing count and five consecutive years on the firearms count. From this conviction and sentence, Richman appealed.

4

II.

Richman's first, and primary, argument is that his conviction and sentence pursuant to the second plea agreement is barred by the Double Jeopardy Clause because the district court accepted his initial plea and he stood convicted pursuant to the terms of that agreement. We reject this argument.

It is true, as Richman asserts, that the district court said at one point during the Rule 11 colloquy on Richman's original plea that it accepted Richman's plea and that Richman was "adjudged guilty" of the offenses charged in counts 1 and 3 of the indictment, J.A. at 51. When the colloquy is read as a whole, however, it is clear that at that point the district court had not finally accepted Richman's plea, but, instead, had merely provisionally accepted the plea. In fact, the district court stated only a few moments later:

> Now, let me add this. If, for instance, the plea were to be rejected [by Richman], this Court has no problem at all -- if the plea agreement were to be rejected, this Court has uniformly said, okay, that's fine, then I [the court] reject the guilty plea and we'll go to trial.

J.A. at 56. Consistent with the fact that the district court did not actually accept Richman's plea during this colloquy is that judgment against Richman on this plea was never entered by the district court; the only judgment entered against Richman was that on July 31, 1995, pursuant to Richman's second plea agreement and after his second sentencing hearing. See J.A. at 153.

Because we hold that Richman's original guilty plea was never actually accepted by the district court, it necessarily follows that the district court did not, contrary to Richman's contention, violate Rules 11 and 32 of the Federal Rules of Criminal Procedure by "nullifying" a previously accepted guilty plea. We cannot help but note in passing the disingenuousness of this claim. Not only did Richman and his counsel repeatedly plead with the district court to accept Richman's plea agreement after the court indicated its unwillingness to do so because Richman was attempting to condition the plea, see, e.g., J.A. at 81 (The court: "I understand what you're trying to do. You're try-

5

ing to salvage this plea agreement."), but Richman ultimately returned to the district court with a plea agreement identical to that which the court initially rejected. Thus, Richman is essentially seizing upon events which he invited (apparently, even to his attorney's surprise) in order to avoid conviction on charges as to which he has, from the beginning and to this day, wished to, and twice did, plead guilty.

III.

Richman also contends that there was insufficient evidence presented at his second sentencing hearing to support the district court's finding that he was responsible for 1000 plants, because the evidence only showed that he grew a total of 948 plants in the years 1990, 1991, and 1994.* Richman concedes that there was evidence that he grew marihuana in other years, but he argues that there was no evidence in these years as to the actual number of plants he grew. There was ample evidence to support the district court's determination that Richman was responsible for at least an additional 52 plants, beyond the 948 which he does not challenge. As one officer testified, Richman admitted that he had grown marihuana for profit in 1987, 1988, 1989, 1992, and 1993. See J.A. at 118-19. Given the size of Richman's operation and the large number of plants (948) Richman grew in 1990, 1991, and 1994, the court could have easily and reasonably inferred that Richman grew hundreds, if not thousands, of plants during the years for which no direct evidence was proffered. The district court's determination that Richman grew 52 plants in addition to the 948 plants is, a fortiori, reasonable.

There would be sufficient evidence in the stipulation in Richman's second plea agreement to support the district court's finding of 1000 plants. Richman stipulated to growing 1000 plants in his second plea agreement, which was in effect at the second sentencing hearing. As we have held, when determining the amount of drugs that a defendant is responsible for, the court may rely on "a stipulation by the parties

_____

*The evidence to which Richman refers includes the 348 plants found with Richman in 1994, see J.A. at 43-44, and the 250-300 plants Richman claimed in his video to have grown for each of the years 1990 and 1991, see J.A. at 45-46.

6

that the court determines to have a reasonable factual basis." <u>United States</u> v. <u>Gilliam</u>, 987 F.2d 1009, 1013 (4th Cir. 1993).

IV.

Finally, Richman challenges the voluntariness of his plea of guilty to a violation of 18 U.S.C. section 924(c), claiming that the district court erred in entering judgment under Rule 11(f). Specifically, Richman argues that, in light of the Supreme Court's decision in <u>Bailey</u> v. <u>United States</u>, 116 S. Ct. 501 (1995), the district court could not have found that there was any factual basis for the plea. <u>See United States</u> v. <u>Mitchell</u>, 104 F.3d 649, 652 (4th Cir. 1997). Richman argues that the sole evidence relating to his firearms charge -- that he displayed and moved his handgun (as captured on the video) -- was insufficient to demonstrate active employment within the meaning of <u>Bailey</u>.

We affirm under Rule 11(f) a district court's finding of a sufficient factual basis for a guilty plea to a violation of 18 U.S.C. § 924(c) unless the court clearly erred in holding that there was a factual basis for the defendant to plead guilty to either "using" or "carrying" a firearm. <u>See Mitchell</u>, 104 F.3d at 652. Applying this standard, we believe that Richman's display of his firearm was sufficient to constitute "use" of a firearm, even given the "active employment" requirement of <u>Bailey</u>. While the Court in <u>Bailey</u> explained that active employment of a firearm does not include the mere storage of a firearm near drugs or their proceeds, it also made clear that active employment does include the "brandishing" or "displaying" of a firearm in the manner in which Richman brandished and displayed the firearm at issue in this case. <u>See Bailey</u>, 116 S. Ct. at 508. Regardless of whether his display of the weapon constituted "use," it clearly constituted "carrying" of the firearm. According to our recent decision in <u>Mitchell</u>, "carry" under § 924(c)(1) "requires knowing possession and bearing, movement, conveyance, or transportation of the firearm in some manner." Conveying a firearm on one's person during a drug offense, we noted, "is perhaps the clearest example of a violation of a carry prong." <u>Mitchell</u>, 104 F.3d at 652. Richman certainly "carried" his firearm under this definition of "carry." The videotape itself revealed that Richman carried the gun on his person at the marihuana fields on at least one occasion during his continuous drug growing

7

transaction. <u>See</u> J.A. at 46 (Richman "views" the gun and then "takes it away."). While Richman argues that, under the logic of <u>Bailey</u>, "active employment" is required for "carry" as well as "use," we squarely rejected this position in <u>Mitchell</u>. <u>See Mitchell</u>, 104 F.3d at 653. Accordingly, we uphold Richman's conviction for possession of a firearm during and in relation to a drug offense.

For the same reasons, even assuming that Richman did not waive any challenge to the sufficiency of the evidence to support his section 924(c) conviction by pleading guilty to the crime, <u>see United States</u> v. <u>Broce</u>, 488 U.S. 563, 570 (1989), we affirm Richman's conviction against this attack as well.

The judgment of the district court is affirmed.

<u>AFFIRMED</u>

8